United States District Court
Southern District of Texas
**ENTERED**
August 10, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>ZAAPPAAZ LLC, also d/b/a Wrist-Band.com, WBpromotion.com, CustomLanyard.net, and WB Promotions; and<br><br>AZIM MAKANOJIYA, individually and as an officer of ZAAPPAAZ LLC,<br><br>    Defendants. | Civil Matter No. 4:20-cv-2717 |

**STIPULATED PRELIMINARY INJUNCTION ORDER
WITH OTHER EQUITABLE RELIEF**

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), has filed its Complaint for Permanent Injunction and Other Equitable Relief (Docket No. 1, "Complaint") pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and 57b; and the Mail, Internet, or Telephone Order Merchandise Rule ("MITOR"), 16 C.F.R. Part 435, and has moved, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Zaappaaz LLC and Azim Makanojiya (collectively, "Defendants") (Docket No. 6.). The parties now stipulate to entry of this Order.

1

## STIPULATED FACTS

A. This Court has jurisdiction over the subject matter of this case and jurisdiction over all the parties.

B. Venue in this district is proper.

C. This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

D. No security is required of any agency of the United States for issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Stipulated Preliminary Injunction ("Order"), the following definitions shall apply:

A. "**Clearly and Conspicuously**" means that a required disclosure is difficult to miss (*i.e.*, easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

    1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B. "**Covered Product**" means any product intended to detect, treat, prevent, mitigate, or cure any disease, including but not limited to, sanitizer, sanitizer dispensers, thermometers, medicine, medication, and any personal protective equipment ("PPE") such as facemasks, face shields, gloves, goggles, gowns, clothing or other garments, equipment, or

devices designed or advertised to protect against infection, transmission, or contagion of any disease.

  C. "**Defendant(s)**" means Corporate Defendant and Individual Defendant, individually, collectively, or in any combination.

    1. "**Corporate Defendant**" means Zaappaaz LLC, also doing business as Wrist-Band.com, WBpromotion.com, CustomLanyard.net, and WB Promotions, and each of its subsidiaries, affiliates, successors, and assigns.

    2. "**Individual Defendant**" means Azim Makanojiya, individually, and as an officer and agent of Zaappaaz LLC, including each of its subsidiaries, affiliates, successors, and assigns.

  D. "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate Document within the meaning of the term.

E. "**Prompt**," in the context of a Refund, means a Refund sent by any means at least as fast and reliable as first-class mail within 7 days of the date on which the buyer's right to Refund vests under the provisions of this Court Order. Provided, however, that where Defendants cannot provide a Refund by the same method payment was tendered, Prompt Refund means a Refund sent in the form of cash, check, or money order, by any means at least as fast and reliable as first class mail, within 7 days of the date on which Defendants discover Defendants cannot provide a Refund by the same method as payment was tendered.

F. "**Refund**" means:

1. Where the buyer tendered full payment for the unshipped merchandise in the form of cash, check, or money order, a return of the amount tendered in the form of cash, check, or money order sent to the buyer;

2. Where there is a credit sale:

    i. And Defendant is a creditor, a copy of a credit memorandum or the like or an account statement sent to the buyer reflecting the removal or absence of any remaining charge incurred as a result of the sale from the buyer's account;

    ii. And a third party is the creditor, an appropriate credit memorandum or the like sent to the third party creditor which will remove the charge from the buyer's account and a copy of the credit memorandum or the like sent to the buyer that includes the date that Defendant sent the credit memorandum or the like to the third party creditor and the amount of the charge to be removed, or a statement from Defendant acknowledging the cancellation of the order and representing that it has not taken any action regarding the order which will result in a charge to the buyer's account with the third party;

    iii. And the buyer tendered partial payment for the unshipped merchandise in the form of cash, check, or money order, a return of the amount tendered in the form of cash, check, or money order sent to the buyer.

3. Where the buyer tendered payment for the unshipped merchandise by any means other than those enumerated in (1) or (2) of this definition:

      i.      Instructions sent to the entity that transferred payment to Defendant instructing that entity to return to the buyer the amount tendered in the form tendered and a statement sent to the buyer setting forth the instructions sent to the entity including the date of the instructions and the amount to be returned to the buyer;

      ii.      A return of the amount tendered in the form of cash, check or money order sent to the buyer; or

      iii.      A statement from Defendant sent to the buyer acknowledging the cancellation of the order and representing that Defendant has not taken any action regarding the order which will access any of the buyer's funds.

G.    **"Receipt of a Properly Completed Order"** means, where the buyer tenders full or partial payment in the proper amount in the form of cash, check or money order; authorization from the buyer to charge an existing charge account; or other payment methods, the time at which Defendant receives both said payment and an order from the buyer containing all of the information needed by Defendant to process and Ship the order.

H.    **"Ship**," or any variation thereof, including Shipment or Shipping means the act by which the merchandise is physically placed in the possession of the carrier.

## ORDER

**I.    PROHIBITED BUSINESS ACTIVITIES CONCERNING MAIL, INTERNET, OR TELEPHONE ORDERS**

**IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the sale of any Covered Product, by mail, via the internet, or by telephone, are preliminarily restrained and enjoined from:

7

  A. Representing that they will Ship purchased goods within the time stated in the solicitation, including the same day, when they do not have a reasonable basis to expect to Ship the goods the same day;

  B. Failing to Ship orders to consumers either within the time stated in the solicitation, or within thirty (30) days of full or partial payment if no time is Clearly and Conspicuously stated;

  C. Failing to Clearly and Conspicuously offer consumers the opportunity to consent to a delay in Shipping or to cancel their order and receive a Prompt Refund if Defendants cannot Ship an order within the time promised, or thirty days, whichever is shorter;

  D. Failing to cancel orders or provide consumers a Prompt Refund when their orders will not Ship on time, and for which the consumer did not consent to a delayed Shipment date;

  E. Failing to deem orders cancelled or provide a Prompt Refund when Defendants receive cancellation and Refund requests from consumers pursuant to any option under MITOR;

  F. Failing to provide revised Shipping dates unless at the time any such revised Shipping date is provided, Defendants have reasonable basis for making such representations regarding the definite revised Shipping date; and

  G. Failing to inform buyers that Defendants are unable to make any representation regarding the length of any delay unless Defendants have a reasonable basis for so informing the buyer and Defendants inform the buyer of the reasons for the delay.

  **II.** **PROHIBITION AGAINST MISREPRESENTATIONS**

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in

connection with the sale of any Covered Product, are preliminarily restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication that:

    A.    Goods will Ship within a certain period of time, including the same day they are purchased, unless Defendants have a reasonable basis that they will be able to ship within that time;

    B.    Goods will be delivered by a guaranteed date(s);

    C.    Goods are in stock and ready to Ship;

    D.    The delivered goods will be what the consumer ordered;

    E.    A 100% Money Back Guarantee is available for their goods;

    F.    Consumers will receive Refunds; and

    G.    Any other fact material to consumers concerning any Covered Product, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

### III. PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

    A.    Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order, unless disclosure of the name and address are necessary to ship goods to consumers; and

  B. Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

 Provided, however, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## IV. PRESERVATION OF RECORDS

 **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

  A. Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

  B. Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' assets, to the extent Defendants have created and maintained such Documents in the normal course of business.

## V. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiff with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names and physical addresses, phone numbers, or email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## VI. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant or any person (including any financial institution) that may have possession, custody or control of any Document of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## VII. CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

Michelle Schaefer
Anne Collesano
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC 20580
Phone: (202) 326-3515 (Schaefer)
Phone: (202) 326-2485 (Collesano)
Fax: (202) 326-3197
Email: mschaefer@ftc.gov
Email: acollesano@ftc.gov

## VIII.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED, this 8th day of August 2020, in Houston, Texas.**

_____
**UNITED STATES DISTRICT JUDGE**

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**

Alden F. Abbott
General Counsel


_/s/ Michelle Schaefer_                                          Date: August 7, 2020
Michelle Schaefer, Attorney-in-Charge
D.C. Bar # 478443
S.D. Texas (admitted *Pro Hac Vice*)
Anne Collesano
D.C. Bar # 1029665
S.D. Texas (admitted *Pro Hac Vice*)
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC 20580
(202) 326-3515; mschaefer@ftc.gov
(202) 326-2485; acollesano@ftc.gov

James E. Elliott, Assistant Regional Director
Texas Bar # 06557100
S.D. Texas #14
Federal Trade Commission
Southwest Region
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
(214) 979-9373; jelliott@ftc.gov
(214) 979-9350 (main office)
(214) 953-3079 (fax)

**FOR DEFENDANTS**

*/s/ Michael J. Blanchard*
State Bar No. 24036231

OF COUNSEL:

Butch Boyd Law Firm

Ernest W. Boyd (Lead Attorney)
State Bar No. 00783694
butchboyd@butchboydlawfirm.com
Jeremy R. Stone (Of Counsel)
State Bar No. 24013577
jeremystone@butchboydlawfirm.com
Michael J. Blanchard (Of Counsel)
State Bar No. 24036231
mikeblanchard@butchboydlawfirm.com
2905 Sackett Street
Houston, TX 77098
713-589-8477 (Phone)
713-589-8563 (Fax)