UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FEDERAL TRADE COMMISSION,

     Plaintiff,

     v.

ZAAPPAAZ LLC, also d/b/a Wrist-
Band.com, WBpromotion.com,
CustomLanyard.net, and WB Promotions; and

AZIM MAKANOJIYA, individually and as an
officer of ZAAPPAAZ LLC,

     Defendants.

**Civil Matter No. 4:20-cv-02717**

## PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION TO EXCLUDE THE TESTIMONY OF ROSEMARY COATES

Plaintiff, Federal Trade Commission ("FTC") moves the Court to exclude the testimony of Rosemary Coates, Defendants' proffered expert witness. Ms. Coates' testimony should be excluded because (1) it does not rely on an objective methodology, (2) it does not reliably relate to the facts of this case, (3) it does not assist the trier of fact, and (4) it is irrelevant.

### I.    Ms. Coates' Testimony Is Inadmissible Under Rule 702.

To be admissible under Federal Rule of Evidence 702 expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." To meet this

standard, such testimony must be "based on sufficient facts or data," utilize "reliable principles and methods," and the expert must have "reliably applied the principles and methods to the facts of the case." FRE 702. Using these standards, the Court plays a "gatekeeping role" to ensure that expert testimony is both reliable and relevant. *Daubert v. Merrell Dow Pharmas., Inc.*, 509 U.S. 579, 597 (1993); *see also Carlson v. Bioremedi Therapeutic Systems, Inc.,* 822 F.3d 194, 199 (5th Cir. 2016). The court's gatekeeping requirement applies to all expert testimony and ensures a "level of intellectual rigor" by the expert. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147-152 (1999).

However, the expert's qualifications alone do not make her testimony admissible. Courts have noted that "specialized knowledge, without a showing that such knowledge will assist the trier of fact, is insufficient to meet the requirements of Rule 702." *EEOC v. U-Haul Co. of Texas*, 2005 WL 2860987, at *2 (S.D. Tex. Nov. 1, 2005) (finding "the jury is qualified and able to make its own determination as to the sufficiency of the facts underlying this action"). It is within the court's discretion to exclude an expert's testimony if it determines an expert's opinions are not based on an objective methodology or reliably supported by the facts. *General Elec. Co. v. Joiner*, 522 U.S. 136, 144-146 (1997).

Here, Defendants' expert does not meet the standards necessary to admit her testimony.

### A.   Ms. Coates Fails to Apply Any Methodology to Her Testimony.

Fatally, Ms. Coates' testimony is not based on any objective methodology. "To establish reliability under *Daubert*, an expert bears the burden of furnishing 'some

objective, independent validation of [his] methodology.'" *Brown v. Illinois Cent. R. Co.*, 705 F.3d 531, 536 (5th Cir. 2013).  An expert's approach and methodology must be properly applied in the context of "the particular matter to which the expert testimony was directly relevant" to draw a reasonable conclusion.  *Kumho Tire*, 526 U.S. at 154 (emphasis removed).

Here, the only "methodology" employed by Ms. Coates is to recite historical events surrounding the pandemic, and then opine based on those facts.  Specifically, Ms. Coates purports to base her opinions on the following:  she (a) "determined the underlying facts of the case," (b) discussed the case with Mr. Makanojiya and his attorneys, (c) "researched several articles about shipping delays during the pandemic," and (d) "examined Zaappaaz's website."  Ex. A, April 5, 2021 Coates Report ¶ 14.  She then simply offers conclusory opinions without detailing how she arrived at them, failing to explain how her specified "methodology" supported any of her conclusions and without citing what facts, if any, specific to Zaappaaz and its operations she relied on to reach those conclusions.  *See Brown v. Illinois Cent. R. Co.*, 705 F.3d at 536 (expert's failure "to articulate a credible methodology to sustain his conclusions," required exclusion).  Ms. Coates' conclusory opinions included, for example, that "Zaappaaz made every effort to fill its customer's [sic] orders, but it simply was not possible," but there is no explanation of how this statement comports with the facts or is the product of any reliable methodology.  Ex. A, ¶ 42.  For example, she fails to explain why Defendants could not simply have changed their false advertising.

3

Moreover, Ms. Coates knows little about Zaappaaz and admits she has "just a citizen['s]" understanding of MITOR, rendering her opinions regarding Zaappaaz's ability to comply with MITOR unreliable yet again.  ECF 108-10, June 30, 2021 Rosemary Coates Dep. Tr. at 11:8-12:1; *see Roussell v. Brinker Intern., Inc.*, 2008 WL 2714079, at *27 (S.D. Tex. July 9, 2008) (excluding an expert's testimony because it lacked a reliable methodology and was based on limited data).  Even if Ms. Coates were qualified by her credentials to provide expert testimony in certain cases, here, her lack of any discernable methodology, let alone a reliable one, renders her opinion wholly inadmissible.  *See Kumho Tire*, 526 U.S. at 153 (excluding the testimony of an expert because of doubt over the methodology the expert employed in his analysis).  Tellingly, Ms. Coates' testimony was similarly stricken in another case for lacking verifiable methodology.  *AI–Daiwa, Ltd. v. Apparent, Inc.*, 2015 WL 5304111, at *1 (N.D. Cal. Sept. 9, 2015) (striking the expert report of Rosemary Coates and stating "it is impossible to say that Ms. Coates' testimony is reliable, because it is unclear what methods or principles or data she is applying to the facts of the case").

### B.   Ms. Coates Fails to Link Her Opinions to the Facts of the Case.

Ms. Coates' testimony suffers from a second fatal defect.  Specifically, rather than being based on observable facts specifically related to Zaappaaz, Ms. Coates relies on generalizations about shipping and logistics.  For example, while Ms. Coates explains Zaappaaz's sourcing agent Guangzhou "reliably sourced the production of Zaappaaz's products," she admitted during her deposition that she never worked with Guangzhou directly, never reviewed contracts, systems, or documents related to the relationship, and

had never even heard of the company prior to her retention in this matter.  Ex. A, ¶ 19; ECF 108-10 at 27:17-30:3.  Accordingly, her opinion regarding the reliability of Zaappaaz's sourcing agent is nothing more than rank speculation.  *Joiner*, 522 U.S. at 146 ("But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.")

Similarly, Ms. Coates admittedly spent little time learning about Zaappaaz and its situation, spending approximately one hour discussing "facts" with Mr. Makanojiya and reviewing only 22 documents related to the case.  *See* Ex. A, at pg. 14; ECF 108-10 at 10:1-11:4.  As a result, her recitation of the facts ignores important information contradicting the results she reaches.  For example, Ms. Coates stated in her report that "Mr. Makanojiya knew that when you advertise, you must have a reasonable basis for stating or implying that you can ship the advertised goods within a certain time, and he tried to keep his customers informed about delays.  However, there was simply no way to predict the tremendous demand for products nor the shipping delays caused by the pandemic."  Ex. A, ¶ 38.

Her conclusion ignores the fact that prior to initiating PPE sales in 2020, Zaappaaz was already aware of delays associated with the pandemic and had removed rush shipping options for its promotional products, including bands and lanyards.  ECF 100-66 at 0012144.  It also ignores Mr. Makanojiya's own testimony that prior to being sued by the FTC in August 2020, he had not even heard of MITOR.  ECF 100-22, August 11, 2021 Azim Makanojiya Dep. Tr. at 100:5-15.  Mr. Makanojiya was deposed *after* Ms.

Coates submitted her report (April 5, 2021, Ex. A) and testified in her own deposition (June 30, 2021, ECF 108-10), but she never offered an addendum to her report to account for his testimony that squarely contradicted her opinions.  Ms. Coates' failure to consider all relevant facts, particularly those that do not support her opinions, again renders them unreliable.  *Barber v. United Airlines, Inc.*, 17 Fed. Appx. 433, 437 (7th Cir. 2001) (rejecting expert who did not explain why he ignored certain data, accepted only testimony and data that suited his theory, and "cherry-picked" supporting facts).

Moreover, there is no indication of how Ms. Coates' testimony reasonably connects any of the facts cited in her report to the ultimate conclusions she makes about Defendants.  *Boyd v. State Farm Ins. Companies*, 158 F.3d 326, 331 (5th Cir. 1998) ("an expert affidavit must include materials on which the expert based his opinion, as well as an indication of the reasoning process underlying the opinion"); *see also Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) (excluding expert's testimony because he "offers little more than personal assurances based on his police experience that his conclusions are so").

### C.    Ms. Coates' Testimony Cannot Assist the Trier of Fact.

Finally, because Ms. Coates' testimony is conclusory and speculative, it cannot assist the trier of fact, as required by Rule 702.  It is not for Ms. Coates to determine that delays were "completely out of Zaappaaz's control."  Ex. A, ¶ 40.  Ms. Coates stated that Zaappaaz "posted notices on its website," but fails to explain why Zaappaaz elected not to make other website adjustments including the removal of false shipping and delivery promises and the availability of PPE.  *See* Ex. A, ¶ 42.  Ms. Coates' opinion that there

was nothing more Zaappaaz could have done under the circumstances is conclusory and has no place before the trier of fact.  *See Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 529 (5th Cir. 2015) (affirming the exclusion of expert testimony as unhelpful given, among other things, "the conclusory nature of [the] proposed testimony").

In addition, Ms. Coates' testimony primarily summarizes news articles and describes circumstances that are well within the trier of fact's own experience.  Anyone who may be called upon to be a trier of fact in this case lived through the COVID-19 pandemic since 2020 and has experienced the issues that Ms. Coates' describes as a "Black Swan" event.  *See* Ex. A, ¶¶ 23-27.  Thus, Ms. Coates' opinions "would not assist the trier of fact in either resolving the fact issues in this case or understanding the evidence" in any manner it could not do on its own.  *EEOC v. U-Haul Co. of Texas*, 2005 WL 2860987, at *2 (stating that "expert testimony should be excluded if the testimony is within common knowledge of the trier of fact") (citations omitted).

## II.   Ms. Coates' Testimony Is Irrelevant Under Rule 401.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence."  FRE 401.  "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."  *Daubert*, 509 U.S. at 591 (citations omitted).  Ms. Coates' testimony provides generic information on the pandemic, the sourcing of products from China, and resulting shipping delays.  Ex. A, ¶¶ 20-33.  The issues to be decided by the Court are whether Defendants' representations and guarantees to their customers and their actions once they became aware of obstacles

to the timely sourcing and shipping of PPE to their customers were false or lacked a reasonable basis.  The general information Ms. Coates recites has nothing to do with Defendants' actions related to their fulfillment of PPE orders to their customers and the representations they made regarding their ability to ship PPE products within specified time frames.  Moreover, to the extent Ms. Coates opines that no one could have anticipated the pandemic and its effects, such opinions contradict Mr. Makanojiya's statements about when he became aware of substantial delays.  *See e.g.*, Ex. A, ¶¶ 26, 38, 40, 43; ECF 100-50 at pg. 5; ECF 100-66 at 0012144.  In fact, the pervasiveness of delays and other issues with the supply chain Ms. Coates discusses demonstrate that Defendants should have acted earlier to protect customers by removing false representations from their websites.

For the foregoing reasons, the FTC respectfully requests that the Court exclude the testimony of Rosemary Coates.

Respectfully Submitted,

Dated:      January 24, 2023        /s/ Michelle Schaefer
                                     Michelle Schaefer, Attorney-in-Charge
                                     D.C. Bar # 478443
                                     S.D. Texas (admitted *Pro Hac Vice*)
                                     Anne Collesano
                                     D.C. Bar # 1029665
                                     S.D. Texas (admitted *Pro Hac Vice*)
                                     600 Pennsylvania Avenue, NW, CC-9528
                                     Washington, DC 20580
                                     (202) 326-3515; mschaefer@ftc.gov
                                     (202) 326-2485; acollesano@ftc.gov

                                     Attorneys for Plaintiff
                                     FEDERAL TRADE COMMISSION

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 24, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and served on users registered to receive electronic notice in the captioned cases via transmission of Notices of Electronic Filing generated by CM/ECF.

**Butch Boyd Law Firm**

Ernest W. Boyd (Lead Attorney)
State Bar No. 00783694
butchboyd@butchboydlawfirm.com

Michael J. Blanchard (Of Counsel)
State Bar No. 24036231
mikeblanchard@butchboydlawfirm.com

Jillian Scherrer
State Bar No. 24117793
jillianscherrer@butchboydlawfirm.com

2905 Sackett Street
Houston, TX 77098
713-589-8477 (Phone)
713-589-8563 (Fax)

Attorneys for Defendants

Dated:      January 24, 2023            /s Michelle Schaefer
                                        Michelle Schaefer, Attorney-in-Charge