UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-02717 |
| | § | |
| **ZAAPPAAZ, LLC,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER

Pending before the Court is Plaintiff Federal Trade Commission's (FTC) Rule 56(g) Motion to Deem Facts Established and Narrow the Issues for Trial (ECF No. 129). For the following reasons, the Court **GRANTS** the Motion.

Where, as here, a motion for summary judgment has been denied in part, Rule 56(g) grants district courts discretion to issue an order "specifying and establishing facts not genuinely in dispute" in order "to salvage some results from the effort involved in the [motion's] denial." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2737 (4th ed. 2023); *see also In re Bak*, No. 10-23045 ASD, 2013 WL 653073, at *3 (Bankr. D. Conn. Feb. 20, 2013) (similarly describing the purpose of Rule 56(g)). It may be preferable for a court to issue a Rule 56(g) order "contemporaneously with its summary-judgment decision" but a court may also issue such an order "after its summary judgment ruling when its 'opinion was clear enough and no one paying reasonable attention to the litigation' could have thought the facts later identified in a Rule 56(g) order 'were still open questions.'" *RTG LLC v. Fodera*, No. SA-19-CV-0087-JKP, 2021 WL 5167343, at *4 (W.D. Tex. Nov. 5, 2021), *aff'd sub nom. RTG,*

*L.L.C. v. Katona Fodera*, No. 21-51158, 2022 WL 17819598 (5th Cir. Dec. 20, 2022) (quoting *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 416 (7th Cir. 2019)).

The facts in the FTC's Appendix (ECF No. 129-1) are taken verbatim from Judge Palermo's Report and Recommendations, ECF No. 117, which this Court adopted in full, ECF No. 126. Thus, "no one paying reasonable attention to the litigation" could think that these facts are "still open questions." *Fodera*, 2021 WL 5167343, at *4 (quoting *Kreg Therapeutics, Inc.*, 919 F.3d at 416). Similarly, the summary judgment proceedings clarified Zaapaaz's net revenue from late and/or undelivered and unrefunded shipments of PPE orders ($37,549,472.14) as well as its net revenue from undelivered, unrefunded shipments alone ($12,241,035.69). These figures come from Ms. Miles and Mr. Jenkins' declarations, which are in turn based upon data provided by Defendants and third-parties carriers. *See* ECF No. 100-100 ¶¶ 3–20. In adopting the Report and Recommendations, this Court denied Defendants' Motion to Exclude Miles and Jenkins' testimony, ECF No. 117 at 13, and established that there is no factual dispute as to the contents of these declarations, *id.* at 12. Accordingly, relitigating issues surrounding these calculations would be duplicative and would contravene the purpose of Rule 56(g).

Therefore, the Court **GRANTS** Plaintiff's Motion and deems all the facts reflected in Exhibit 1 to Plaintiff's Motion (ECF No. 129-1) as established for trial. Further, the Court deems the following facts as established for trial:

1. ZAAPPAAZ LLC's net revenue from late and/or undelivered and unrefunded shipments of PPE orders was $37,549,472.14.

2. ZAAPPAAZ LLC's net revenue from undelivered and unrefunded PPE orders was $12,241,035.69.

**IT IS SO ORDERED.**

**SIGNED** in Houston, Texas, on this the 25th day of October, 2023.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE