UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ZAAPPAAZ LLC, also d/b/a Wrist-Band.com, WBpromotion.com, CustomLanyard.net, and WB Promotions; and<br><br>AZIM MAKANOJIYA, individually and as an officer of ZAAPPAAZ LLC,<br><br>　　Defendants. | Civil Matter No. 4:20-cv-02717 |

**FEDERAL TRADE COMMISSION'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR ARGUMENT AS TO ISSUES THAT HAVE ALREADY BEEN ESTABLISHED**

　　Plaintiff Federal Trade Commission ("FTC") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 56(g) and Federal Rules of Evidence 402 and 403 to exclude irrelevant evidence.  Allowing Defendants to present evidence or argument related to already established facts would cause undue delay, waste the Court and the parties' time, and contravene the purpose of Rule 56(g).  Defendant's attempt to relitigate facts already determined by the court is nothing more than a backdoor attempt to circumvent the reconsideration process because Defendants cannot meet the standard for reconsideration of summary judgment, namely to "clearly establish either a manifest error of law or fact or . . . present newly discovered evidence" and be filed within 28 days of the judgment pursuant to Fed. R. Civ. P. 59(e).  *Bender Square Partners v. Factory Mut. Ins. Co.*, 2012 WL 1952265, at *2 (S.D. Tex. May 30, 2012)(internal

1

citations and quotations omitted).

I.  **LEGAL STANDARD**

The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain proposed evidence, which may streamline the proceedings and avoid waste of time at trial. *See, e.g., Pendergest–Holt v. Certain Underwriters at Lloyd's of London and Arch Specialty Ins. Co.*, 2010 WL 3359528, at * 1, 4 (S. D Tex. Aug. 23, 2010) (partially granting motion in limine before non-jury preliminary injunction proceeding to streamline evidentiary hearing); *see also In re Norplant Contraceptive Products Liability Litigation*, 1997 WL 80528, at *1 (E.D. Tex. Feb. 19, 1997); *Dunn v. Marquette Transp. Co., LLC*, 2017 WL 2910990, at *2 (E.D. La. July 7, 2017); *Dauzat v. Weeks Marine, Inc.*, 2016 WL 3186900, at *1-2 (E.D. La. June 8, 2016). Courts routinely grant motions in limine to exclude evidence and argument related to facts and issues already decided pursuant to Rule 56(g). *See, e.g., UMG Recordings, Inc. v. Escape Media Group, Inc.*, 2015 WL 1873098, at * 3-4 (S.D.N.Y. April 23, 2015) (granting motion in limine precluding defendants from offering argument or evidence contesting court's findings establishing willfulness and bad faith under Rule 56(g)); *Galen v. Ave. of the Stars Assocs.*, LLC, 2011 WL 837785, at * 3-4 (C.D. Cal. March 1, 2011); *Greenback v. Great Am. Ins. Co.*, 2021 WL 3603442, at *19, n. 2 (S.D. Ind. August 13, 2021). Here, Defendants seek to relitigate facts the Court has already decided.

II.  **DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OR ARGUMENT AS TO ISSUES THAT HAVE ALREADY BEEN ESTABLISHED**

The Court previously ruled Defendants are liable for violating the Mail, Internet, or Telephone Order Merchandise Rule ("MITOR"), 16 C.F.R. § 435, and Section 5 of the FTC Act,

15 U.S.C. § 45, by falsely claiming they had in-stock personal protective equipment and could rapidly ship it during the coronavirus pandemic.   ECF 126.[1]   The Court's summary judgment opinion thus left open only the appropriate nature of relief for those violations.   *Id*.   Then, the Court ruled pursuant to Rule 56(g) that most facts relevant to relief were not genuinely disputed and were thus established for trial, including facts relevant to the appropriateness and scope of injunctive relief, along with the amount of unrefunded payments from consumers for undelivered orders alone, and the amount of unrefunded payments from consumers for late-shipped and undelivered orders combined.   ECF 132.

Those now-established facts, as the Court observed in granting summary judgment, demonstrate that Defendants' violations were egregious, recurrent, and committed with a high degree of scienter – three of the six factors governing courts' decisions about whether to grant injunctive relief.   ECF 117 at 42; ECF 126; *US v. Cornerstone Wealth Corp.,* 549 F. Supp. 2d 811, 816 (N.D. Tex. 2008) (quoting *SEC v. Blatt,* 583 F.2d 1325, 1334 n. 29 (5th Cir. 1978)).   Thus, the only remaining factors are the sincerity of Defendants' assurances against future violations, their recognition of the wrongful nature of their conduct, and the likelihood that their occupation presents opportunities for future violations.   *Id*.   Only narrow categories of evidence are relevant to these remaining factors.

Furthermore, as the Court found, the FTC has established both the unrefunded amounts consumers paid for undelivered merchandise and the unrefunded amounts consumers paid for undelivered and late-delivered merchandise combined.   ECF 132 at 2.   These numbers are,

---

[1]   The Court adopted Magistrate Judge Palermo's June 9, 2023, Report and Recommendation [ECF 117] granting the FTC's motion for summary judgment as to liability.   ECF 117; ECF 126.

respectively, the floor for monetary relief, as consumers must at minimum be repaid for purchases they never received, and the ceiling for monetary relief because even consumers who received late-shipped merchandise were harmed by Defendants' misrepresentations (*e.g.*, they did not pursue other avenues to obtain badly needed PPE or paid high prices to cover for the PPE that never arrived on time.).

Because, as the Court already found, the FTC has established Defendants' misrepresentations were widespread, and consumers purchased Defendants' products, the FTC is entitled to a presumption that each consumer who purchased Defendants' products did so in reliance on the misrepresentations about shipping times. ECF 129-1 ¶¶ 73-75. The burden, therefore, shifts to Defendants to disprove on an individual-by-individual basis that particular consumers who received late-shipped merchandise did not rely on the misrepresentations and thus were not harmed. *FTC v. Figgie Int'l*, 994 F.2d 595, 605-06 (9th Cir. 1993); *FTC v. BlueHippo Funding*, 762 F.3d 238 (2d Cir. 2014); *FTC v. Kuykendall*, 371 F.3d 745, 765 (10th Cir. 2004); *McGregor v. Chierico*, 206 F.3d 1378, 1388 (11th Cir.2000); *FTC v. Sec. Rare Coin & Bullion Corp.,* 931 F.2d 1312, 1316 (8th Cir. 1991).

Thus, only two narrow issues remain for trial — (1) the sincerity of Defendants' assurances against future violations, their recognition of the wrongful nature of their conduct, and the likelihood that their occupation presents opportunities for future violations; and (2) whether Defendants can prove that particular consumers did not rely on misrepresented shipping times. Evidence or argument outside those narrow topics is simply irrelevant, and therefore, should be excluded.

Relatedly, Defendants should be precluded from obtaining trial testimony from counsel for Defendants, whose testimony is utterly irrelevant and who Defendants never previously disclosed as witnesses.

### A.     The Court Should Exclude Calculation-Based Evidence and Argument

The Court established Zaappaaz's net revenue from late and/or undelivered and unrefunded shipments of PPE orders ($37,549,472.14) as well as its net revenue from undelivered, unrefunded shipments alone ($12,241,035.69).  ECF 132.  The FTC's accountant, Rufus Jenkins, and data analyst, Anne Miles, simply summarized uncontested data provided by Defendants and third parties by calculating these amounts.  They have no knowledge of any relevant facts beyond these calculations.  Nonetheless, Defendants now seek to cross examine these witnesses on issues the Court has already determined.  In fact, more than half of Defendants' proposed evidence attempts to challenge the net revenue calculations already determined by the Court.  Tellingly, twenty-six of Defendants proposed stipulations are the exact same proposed facts and argument the Court previously rejected.  *See* Ex. A (Defendants' Proposed Statement of Stipulated Facts) ¶¶ 49-75.[2]  As the Court noted, "relitigating issues surrounding these calculations would be duplicative and would contravene the purpose of Rule 56(g)."  ECF 132; *see also* Fed. R. Civ. P. 402 (irrelevant evidence is not admissible).[3]

Thus, thirty of Defendants' proposed exhibits, all their deposition designations, and their

---

[2] Defendants presented the same facts and argument in their motion for partial summary judgment [ECF 101, 110], opposition to FTC's motion for summary judgment [ECF 108], objections to Judge Palermo's June 9, 2023 Report and Recommendation [ECF 117], and their Rule 56(g) opposition [ECF 130].  The Court rejected their arguments.
[3] Even assuming this evidence had some relevance, which it does not, Rule 403 allows the exclusion of relevant evidence if its probative value is outweighed by undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Civ. P. 403.

proposed trial testimony by Mr. Jenkins[4] should be excluded because their only probative value relates to Mr. Jenkins's calculations and are thus no longer at issue.[5] Defendants also propose to submit a spreadsheet disputing the number of undelivered orders, which this Court previously considered and rejected in its Rule 56(g) order.[6]

## B. The Court Should Exclude Rosemary Coates-Related Evidence and Argument

When the FTC moved to exclude the testimony of Defendants' logistics and supply chain expert Rosemary Coates [ECF 112], the Court denied the motion as moot because her testimony, which the Court did not rely on, was limited to liability, which the Court had already found. ECF 117 at 3. Nonetheless, one of Defendants' proposed trial exhibits is an attachment to Ms. Coates' expert report identifying a list of documents she examined. Because, as the Court found, Ms. Coates could testify only as to Defendants' liability, any of her exhibits must be

---

[4] On November 27, 2023, FTC filed a motion to quash Mr. Jenkins's trial subpoena [ECF 134] for the same reasons expressed in this motion in limine.

[5] Specifically, as outlined in the attached Proposed Order, the FTC seeks to exclude the following exhibits and testimony the Defendants propose to offer: (1) shipping records from Defendants' third-party carriers (PTX 60, PTX 62, PTX 65, PTX 68, PTX 86, PTX 87, PTX 89, PTX 91, PTX 92, PTX 94, PTX 95); (2) payment and refund records from Defendants' third-party payment processors (PTX 21, PTX 48, PTX 49, PTX 84, PTX 96, PTX 97, PTX 102, PTX 103); (3) Defendants' order, shipping, and delivery records (PTX 57, Zaappaaz_0020596.xlsx, Zaappaaz_0020596 vs. PX 57 Master Chart Zaappaaz 0020596-Merged Diffs.xlxs, Delivered 307 Orders.xls); (4) declarations from the FTC's data analyst and forensic accountant detailing how they conducted the calculations (PTX 99, PTX 100); (5) declarations from Defendants' third-party carriers (PTX 69, PTX 98, PTX 114); (6) deposition testimony designations from Defendants' third-party carriers and the FTC's forensic accountant; and (7) proposed trial testimony from the FTC's forensic accountant. The FTC also attaches as Exhibit B Defendants' proposed witness list, exhibit list, and deposition designations, with the exhibits, witnesses, and deposition testimony the FTC seeks to exclude highlighted.

[6] Defendants did not produce this spreadsheet until October 3, 2023 (over a year after discovery closed) through their opposition to the FTC's Rule 56(g) Motion. ECF 130. In their opposition, Defendants relied on this spreadsheet to refute the FTC's calculation for undelivered, nonrefunded PPE orders. ECF 130. The Court, however, gave it no probative value, instead ruling that the net revenue for PPE orders shipped late or undelivered was established through Mr. Jenkin's calculations. ECF 132; *see also* ECF 131 [FTC Reply to Defendants' Rule 56(g) opposition]; Fed. R. of Civ. P. 37(c)(1) (stating if a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence at a trial, unless the failure was substantially justified or is harmless.).

excluded as irrelevant to the remaining two trial issues.[7]

        **C.**      **The Court Should Preclude Defendants' Counsel from Testifying**

The Court should exclude any testimony from Defendants' counsel — Butch Boyd and Jillian Scherrer — whom Defendants have named as proposed trial witnesses. On November 20, 2023, Defense counsel first informed the FTC they planned to call Defense counsel to testify about attorney's fees should the FTC seek such fees from Defendants. However, the FTC is not seeking attorney's fees and thus any testimony the two attorneys could provide is irrelevant. Further, should these two attorneys propose to testify about anything beyond the nature and value of their services, which (again) are irrelevant, such testimony would squarely violate Texas Disciplinary Rule of Professional Conduct 3.08, barring attorneys who must testify as witnesses outside a few narrow exceptions from serving as advocates in the same case.[8]

**III.**     **CONCLUSION**

For the foregoing reasons, the FTC respectfully requests that the Court grant its motion in limine and preclude the Defendants from offering any evidence or argument relevant solely to facts and issues that have already been established by the Court pursuant to Rule 56(g).

**IV.**     **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1**

On December 6, 2023, FTC counsel Michelle Schaefer and Anne Collesano met and conferred with Defendants' counsel, Jillian Scherrer, by telephone. The FTC asked Defendants if they would agree to withdraw all or any of the evidence the FTC seeks to exclude because it is

---

[7] Ms. Coates is not even on Defendants' witness list, and hearsay materials she relied upon are inadmissible without any link to expert testimony. Fed. R. Evid. 703 (permitting admission of expert opinion even where based on inadmissible facts or data but permitting disclosure of such inadmissible materials only to aid factfinder in evaluating the expert opinion).

[8] Additionally, these witnesses were disclosed for the first time on November 11, 2023, when Defendants submitted their witness list to the FTC. Defendants never disclosed their attorneys as having discoverable information pursuant to Fed. R. Civ. P. 26(a).

not irrelevant to the remaining issues for trial pursuant to the Court's Rule 56(g) ruling establishing the FTC's calculations as fact for trial.   Defendants would not agree to withdraw any evidence.   Accordingly, the FTC filed the instant motion.

Respectfully Submitted,

Dated:  December 7, 2023  /s Michelle Schaefer
Michelle Schaefer, Attorney-in-Charge
D.C. Bar # 478443
S.D. Texas (admitted *Pro Hac Vice*)
Anne Collesano
D.C. Bar # 1029665
S.D. Texas (admitted *Pro Hac Vice*)
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC 20580
(202) 326-3515; mschaefer@ftc.gov
(202) 326-2485; acollesano@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## **CERTIFICATE OF SERVICE**

I certify that on December 7, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, and served on users registered to receive electronic notice in the captioned cases via transmission of Notices of Electronic Filing generated by CM/ECF including:

**Butch Boyd Law Firm**

Ernest W. Boyd (Lead Attorney)
State Bar No. 00783694
butchboyd@butchboydlawfirm.com

Michael J. Blanchard (Of Counsel)
State Bar No. 24036231
mikeblanchard@butchboydlawfirm.com

Jillian Scherrer
State Bar No. 24117793
jillianscherrer@butchboydlawfirm.com

2905 Sackett Street
Houston, TX 77098
713-589-8477 (Phone)
713-589-8563 (Fax)
Attorneys for Defendants

Dated:   December 7, 2023          /s Michelle Schaefer
                                   Michelle Schaefer, Attorney-in-Charge