IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | § § § | |
| VS. | § § | Civil Action No. 4:20-CV-02717 |
| ZAAPPAAZ, LLC, *ET AL.* | § § § | |

### DEFENDANTS' MEMORANDUM ON BURDEN OF PROOF

TO THE HONORABLE COURT:

COMES NOW Defendants Zaappaaz, LLC and Azim Makanojiya and file this their Memorandum on Burden of Proof and in support thereof state and avers as follows:

### I. The Court has Already Found that it is FTC's Burden to Prove What Monetary Relief is Necessary to Redress Consumer Injury.

FTC improperly asserts to the Court that FTC need not prove consumer redress by relying on the Section 19 presumption of reliance. However, the Court has already made it clear in its Report and Recommendation[1] that while FTC need not prove individual reliance, it

---

[1] ECF No. 117.

1

still has the burden of establishing what monetary relief is necessary to redress consumer injury.[2]

By their own admission[3], FTC must show "that its calculations reasonably approximated the amount of customers' net losses, and then the burden shifts to the defendants to show that those figures were inaccurate." *FTC v. Febre*, 128 F.3d 530, 535 (7th Cir. 1997). Therefore, it is FTC's burden to show that its calculations reasonably approximate the amount of customers' net losses, i.e., consumer redress. The Court has made it clear that FTC's attempts to argue that it need only establish a presumption of reliance under Section 19 to be entitled to Zaappaaz's gross revenue as damages is contrary to modern case law and is unpersuasive.[4] In denying FTC's Motion for Summary Judgment on their proposed monetary relief, the Court found that the FTC failed to show that full refunds are necessary to redress consumers' injuries.[5]

FTC ignores the Court's clear rulings in this case and continues to try to shift the burden to Defendants to determine the proper amount of

---

[2] ECF No. 117 at 36.

[3] ECF No. 99 at 22.

[4] ECF No. 117 at 39.

[5] ECF No. 117 at 38.

monetary relief necessary to redress consumer injury. FTC argued in the parties' Motion for Summary Judgment briefing and continues to argue today, despite the Court rejecting this theory, that because the presumption of reliance applies in this case, the appropriate measure of damages is Zaappaaz's net revenues from the sale of PPE that violated the Merchandise Rule and that it is Defendants' burden to prove a lesser amount is appropriate for consumer redress.[6] The Court has already rejected this theory noting that "[r]ecent cases have taken differing approaches on the proper award of damages."[7]

The Court has already considered the cases FTC continues to rely on for its proposition that the appropriate measure of damages is Zaappaaz's net revenues from the sale of PPE that violated the Merchandise Rule and found that these cases were not analogous to the present case, and were not persuasive in light of modern case law. The Court found that the facts in *Figgie* are not analogous to the present case because Figgie consumers received something of essentially zero value compared to what Figgie promised. *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 605 (9th Cir. 1993). In

---

[6] ECF No. 113 at 16; ECF No. 118 at 4.

[7] ECF No. 117 at 38.

3

the case at bar, the value of the products is not at issue. Rather, the alleged misrepresentations concern arrival times for PPE consumers ordered, not what products they would receive. Accordingly, the Court found that the pandemic spanned a three-year period, so even if consumers received their PPE later than expected, there was still at least a three-year period over which the product would have value to the consumer.[8]

The Court considered *FTC v. Romero* and found it unpersuasive because Section 13(b) does not have the same "necessary to redress limitation" applicable to FTC's claim for monetary relief under Section 19.[9] No. 5:21-CV-343-BJD-PRL, 2023 WL 2445339 (M.D. Fla. Feb. 27, 2023). Further, the Court recognizes that the holding in the case *Romero* relies on is no longer good law because the Supreme Court recently found that Section 13 does not authorize the award of equitable monetary relief.[10]

The Court also considered *QYK Brands,* which held that net revenues were the appropriate measure of monetary relief because the product QYK Brands sold may or may not have been useful to the

---

[8] ECF No. 117 at 40.

[9] *Id.*

[10] *Id.*

4

consumer after shipping delays.[11] *FTC v. QYK Brands LLC*, No. SACV201431PSGKESX, 2022 WL 1090257, at *9 (C.D. Cal. Apr. 6, 2022) (citing *Figgie Int'l*, 994 F.2d at 606). The Court found *QYK Brands* unpersuasive because the pandemic spanned a three-year period; thus, consumers still obtained value from the PPE they ordered from Zaappaaz over said three-year period, even if they did not receive the products as timely as represented.[12] The Court found *Am. Screening* unpersuasive for the same reasons.[13] *FTC v. Am. Screening*, 2022 WL 2752750 (E.D. Mo. July 14, 2022).

Not only did the Court reject the case law FTC relies on for its proposition that the appropriate measure of damages is Zaappaaz's net revenues from the sale of PPE that violated the Merchandise Rule, but the Court instead found the case law Defendants cite to, *Noland*, more persuasive and analogous to the facts of the present case.[14] *Fed. Trade Comm'n v. Noland*, No. CV-20-00047-PHX-DWL, 2021 U.S. Dist. LEXIS 226238 (D. Ariz. 2021).

---

[11] ECF No. 117 at 39.

[12] *Id.* at 40.

[13] *Id.*

[14] ECF No. 117 at 39.

5

The court in *Noland* concluded that a net revenue calculation goes "beyond redressing injury to consumers and provides a potential windfall to consumers." 2021 U.S. Dist. LEXIS 226238, at *12. The court reasoned that "granting a full refund to a satisfied consumer who received a one-day-late shipment would result in a windfall and thus go beyond § 57b(b)'s narrow focus on redressing injury." *Id.* The Court found that because it may not render a punitive award, *Fed. Trade Comm'n v. Simple Health Plans LLC*, 58 F.4th 1322, 1329 (11th Cir. 2023) requires a showing of a lesser amount than total revenues.

*Noland* further concluded that because FTC is the plaintiff in the action, it has the burden of proof at trial on the issue of damages. *Id.* at *13. *Noland* held that it is FTC's burden to prove the existence of forms of harm that the consumer might suffer due to a late shipment. *Id.* For example, a consumer might suffer harm from a late shipment, such as lost resale opportunities or a decrease in the product's market price between the anticipated and actual shipping dates. *Id.* It is FTC's burden to prove the existence of these other forms of harm in order to prove the appropriate measure of damages to redress consumer injury. *Id.* Even assuming that the FTC might be able to secure a net revenue damages award on behalf

of a particular consumer who was so dismayed by a shipping delay that the value of the products to them was essentially zero, it is still the FTC's burden to identify any such consumers. *Id.* at *15.

As such, because the Court has already ruled in this case that it is FTC's burden of establishing what monetary relief is necessary to redress consumer injury, and this ruling is supported by modern case law, the Court should find that FTC bears the burden of proof at trial.

## II. It is FTC's Burden to Prove Which Late Orders Were Not Eventually Delivered to Consumers.

*Noland* also holds that FTC has the burden of proving which late orders were not eventually delivered to consumers. The *Noland* Court rejected FTC's contention that it is the defendant's burden to prove "which late orders were eventually sent." *Id.* Rather, because FTC claimed it was impossible for them to tell from the defendants' records whether defendants actually shipped the order, this uncertainty over whether late orders were actually delivered was required to be resolved against FTC. *Id.* at *14. Accordingly, in the present case, FTC has the burden of proof regarding whether late shipped orders were actually shipped to consumers.

FTC has failed to prove how many unrefunded consumers actually did not receive the product that they ordered from Zaappaaz.[15] FTC admits that its calculation of net revenue of $12,241,035.69 is of covered product "not known to have been delivered."[16] Thus, FTC essentially admits that it does not know how many of those consumers failed to receive the product that they ordered from Zaappaaz. FTC's uncertainty over whether these orders were actually delivered is required to be resolved against FTC. *Id.* at *14. As such, how much monetary relief is required to redress consumer injury for covered product "not known to have been delivered" is still an issue ripe for trial for which FTC bears the burden of proving. The Court should find that FTC bears the burden of proof at trial to establish which late orders were not eventually delivered to consumers and what monetary relief is necessary to redress consumer injury for covered product "not known to have been delivered."

### III. Conclusion

For the above reasons, the Court should find that FTC bears the burden of proof at trial of (1) establishing what monetary relief is

---

[15] *See generally* ECF. No. 108-8; ECF No. 100-100.

[16] ECF No. 100-100 at ¶ 20.

necessary to redress consumer injury, (2) which late orders were not eventually delivered to consumers, and (3) what monetary relief is necessary to redress consumer injury for covered product "not known to have been delivered."

Respectfully submitted,

*/s/ Butch Boyd*

Butch Boyd (Lead Attorney)
State Bar No. 00783694
butchboyd@butchboydlawfirm.com
Jillian Scherrer
State Bar No. 24117793
jillianscherrer@butchboydlawfirm.com
2905 Sackett Street
Houston, TX 77098
Phone: (713) 589-8477
Fax: (713) 589-8563
Butch Boyd Law Firm

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I certify that on December 14th, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, served on users registered to receive electronic notice in the captioned case via transmission of Notices of Electronic Filing generated by CM/ECF, and via email on the counsel listed below.

Michelle Schaefer
600 Pennsylvania Avenue, NW,
CC-9528 Washington, DC 20580
(202) 326-3515; mschaefer@ftc.gov
(202) 326-2485; acollesano@ftc.gov

James E. Elliott,
Federal Trade Commission
Southwest Region 1999 Bryan
Street, Suite 2150
Dallas, Texas 75201
(214) 979-9373; jelliott@ftc.gov
(214) 979-9350 (main office)
(214) 953-3079 (fax)

*/s Ernest W. Boyd*
Ernest W. Boyd