UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-02717 |
| | § | |
| **ZAAPPAAZ, LLC,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

A non-jury trial in this case is set to begin on Monday, December 18, 2023. At the pretrial conference, parties agreed that the following issue remains for trial: whether Defendants' occupation, failure to recognize their wrongdoing, and failure to make assurances against repetition weigh in favor of injunctive relief. *See* ECF No. 144 (Joint Pretrial Order) at 2. Parties were unable to agree on what issues remain regarding monetary relief. *Id.* The Court has considered parties' arguments made at the conference and in their supplemental briefing, and now clarifies what issues remain.

It is easiest to begin with what is not at issue. Judge Palermo's Report and Recommendation—which this Court adopted in full—as well as the Court's subsequent Rule 56(g) Order found that (1) "the FTC has demonstrated that Zaappaaz made widely disseminated misleading claims regarding its PPE to consumers on its website, emails, and advertising" and is therefore "entitled to the presumption of actual reliance," ECF No. 117 at 37; ECF No. 132 at 2, (2) "Defendants have offered no argument or evidence to rebut the presumption of reliance," *id.*, and (3) the FTC has therefore established consumer injury, ECF No. 117 at 38; ECF No. 132 at 2.

1

Under 15 U.S.C. § 57b(b), once consumer injury is established, district courts "have jurisdiction to grant such relief as the court finds necessary to redress injury to consumers." Differently put, courts first employ a burden shifting framework to determine whether there has been consumer injury. Then, if there has been consumer injury, courts assess what relief is necessary to redress that injury. *See, e.g.*, *F.T.C. v. Figgie Int'l, Inc.*, 994 F.2d 595, 605–06 (9th Cir. 1993). Here, the FTC has established consumer injury. But the Court has not fully resolved what monetary relief is necessary to redress that injury.

The crux of the parties' confusion at this step of the analysis appears to stem from the following statement in Judge Palermo's Report and Recommendations:

> The FTC has not established that an award of $37,549,472.14 is necessary to redress the consumer injuries flowing from Defendants' Merchandise Rule violations. This amount is the total revenue Zaappaaz received for the late merchandise. The FTC made no showing as to any lesser amount such as the net profit, the damages for those customers who never received any product or requested but did not receive a refund. Because the Court may not render a punitive award, *Fed. Trade Comm'n v. Simple Health Plans LLC*, 58 F.4th 1322, 1329 (11th Cir. 2023), a showing of a lesser amount than total revenues is required. Similarly, Defendants have not proposed any alternative damages figure that they determine would be necessary to redress consumer injuries. Therefore, summary judgment as to monetary relief for violations of the Merchandise Rule and the FTC Act should be denied because the Court lacks a basis for making such an award.

ECF No. 117 at 41.

In its Rule 56(g) Order, however, the Court clarified that the FTC *had* established that, based on undisputed facts, ZAAPPAAZ LLC's net revenue from undelivered and unrefunded PPE orders was $12,241,035.69. ECF No. 132 at 2.[1] The Court's reasoning for concluding that full refunds are not necessary to redress consumer injury—that is, that customers who

---

[1] The accuracy of this figure—as well as the $37,549,472.14 figure, representing ZAAPPAAZ LLC's net revenue from late and/or undelivered and unrefunded PPE orders—is not at issue. The Court rejected Defendant's attempts to undermine the calculations that generated this figure when it adopted Judge Palermo's Report and Recommendations (ECF No. 126), when it issued its Rule 56(g) Order (ECF No. 132), and when it granted the FTC's Motion to Quash Rufus Jenkins' Trial Subpoena (Minute Entry dated 12/07/2023).

received value from late delivered PPE may receive a "windfall" if fully refunded—does not apply in situations where customers did not receive the product they ordered. Therefore, the Court finds and holds that the FTC has shown that $12,241,035.69 is necessary to redress consumer injuries. What is not clear, however, is what relief is necessary to redress the injury of consumers who received late orders. Despite the FTC's arguments to the contrary, the Court has already rejected the theory that this class of consumers is entitled to full refunds. ECF No. 117 at 38–41. The narrow issue remaining for trial, therefore, is whether the FTC can show if a lesser amount of monetary relief is necessary to redress the injury of consumers who received late delivered orders.

In sum, the two issues for trial are:

1. Whether Defendants' occupation, failure to recognize their wrongdoing, and failure to make assurances against repetition weigh in favor of injunctive relief.

2. Whether the FTC can show by a preponderance of evidence if some amount of monetary relief—less than full refunds—is necessary to redress the injury of consumers who received late delivered orders (given that the FTC already established that $12,241,035.69 is necessary to redress the injury of consumers who never received their orders).

**IT IS SO ORDERED.**

**SIGNED** in Houston, Texas, on this the 15th day of December, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

3