United States District Court
Southern District of Texas
**ENTERED**
March 28, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FEDERAL TRADE COMMISSION,

     Plaintiff,

     v.

ZAAPPAAZ LLC, also d/b/a Wrist-Band.com,
WBpromotion.com, CustomLanyard.net, and WB
Promotions; and

AZIM MAKANOJIYA, individually and as an
officer of ZAAPPAAZ LLC,

     Defendants.

Civil Matter No. 4:20-cv-2717

## FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief on August 4, 2020 (ECF No. 1, "Complaint") in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Mail, Internet, or Telephone Order Merchandise Rule ("MITOR"), 16 C.F.R. Part 435.

On October 26, 2022, the FTC filed its Motion for Summary Judgment Against All Defendants, and Defendants filed their Motion for Partial Summary Judgment. ECF Nos. 99, 101. On June 9, 2023, Magistrate Judge Dena Hanovice Palermo issued a Report and Recommendation ("R&R") that addressed the parties' Motions. ECF No. 117. On August 3, 2023, the Court adopted Judge Palermo's R&R in full, granting the FTC's Motion for Summary Judgment as to liability

1

and denying it as to relief, and denying Defendants' Partial Summary Judgment Motion. ECF No. 126. On December 18, 2023, the Court commenced a one-day bench trial where it received exhibits and heard sworn testimony.

The Court's full reasoning and specific findings are detailed in Judge Palermo's R&R (ECF No. 117); the Order Adopting Judge Palermo's R&R (ECF No. 126); and its Findings of Fact and Conclusions of Law, dated March 21, 2024 (ECF No. 158).

THEREFORE, IT IS ORDERED as follows:

<u>**FINDINGS**</u>

1.    This Court has jurisdiction over this matter. Venue is proper as to all parties in the Southern District of Texas.

2.    The Complaint charges that Zaappaaz LLC and Azim Makanojiya ("Defendants") participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and MITOR, 16 C.F.R. Part 435, by failing to ship goods, including Personal Protective Equipment ("PPE"), the same day as advertised; failing to refund shipping costs as promised; representing purchased goods will be shipped the same day, without a reasonable basis for that representation; failing to ship orders within the timeframe required by MITOR and failing to offer consumers the opportunity to consent to a delay in shipping or to cancel their order and receive a prompt refund; failing to provide requested or required refunds; failing to deliver purchased goods by the guaranteed delivery date; and delivering defective, inferior, or incorrect goods.

3.    Defendants' activities are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.    Corporate Defendant violated Section 5 of the FTC Act, 15 U.S.C. § 45, and MITOR, 16 C.F.R. Part 435, by representing it would ship goods, including PPE, within certain

timeframes but having no reasonable basis to expect to ship the goods within the advertised timeframes; failing to ship goods within the timeframe required by MITOR; failing to offer consumers the opportunity to consent to a delay in shipping or to cancel their order and receive a prompt refund upon becoming aware of its inability to ship goods within the time advertised; and, after receiving cancellation and refund requests, failing to provide consumers with a prompt refund.

5.      Individual Defendant Azim Makanojiya had authority to control, participated in, and had knowledge of the Corporate Defendant's deceptive marketing and sale of PPE products.

6.      In light of Defendants' conduct, there is a cognizable danger that they will continue to engage in activities that violate MITOR and the FTC Act unless enjoined from such acts and practices.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Applicable Time Period**" means the time stated in Defendants' solicitation or within 30 days of Receipt of a Properly Completed Order if no time is stated in the solicitation.

B.      "**Clearly and Conspicuously**" means that a required disclosure is difficult to miss (*i.e.*, easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.      In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and

audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.    A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.    An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.    In any communication using an interactive electronic medium, such as the internet or software, the disclosure must be unavoidable.

5.    The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.    The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.    The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.    When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

C.    "**Defendant(s)**" means Corporate Defendant and Individual Defendant, individually, collectively, or in any combination.

4

1.     "**Corporate Defendant**" means Zaappaaz LLC, also doing business as Wrist-Band.com, WBpromotion.com, CustomLanyard.net, and WB Promotions, and each of its subsidiaries, affiliates, successors, and assigns.

2.     "**Individual Defendant**" means Azim Makanojiya.

D.     "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP logs, server access logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate Document within the meaning of the term.

E.     "**Option**" means an offer made Clearly and Conspicuously and without prior demand.

F.     "**Personal Protective Equipment**" means protective clothing, helmets, gloves, face shields, goggles, facemasks, respirators, or other equipment designed, intended, or represented to protect the wearer from the spread of infection or illness.

G.     "**Prompt**," in the context of a Refund, means a Refund sent by any means at least as fast and reliable as first-class mail within 7 days of the date on which the buyer's right to Refund

vests under the provisions of this Court Order.  Provided, however, that where Defendants cannot provide a Refund by the same method payment was tendered, Prompt Refund means a Refund sent in the form of cash, check, or money order, by any means at least as fast and reliable as first-class mail, within 7 days of the date on which Defendants discover they cannot provide a Refund by the same method as payment was tendered.

H.    "**Protective Goods and Services**" means any good or service designed, intended, or represented to detect, treat, prevent, mitigate, or cure COVID-19 or any other infection or disease, including, but not limited to, Personal Protective Equipment, hand sanitizer, and thermometers.

I.  "**Refund**" means:

1.    Where the buyer tendered full payment for the unshipped merchandise in the form of cash, check, or money order, a return of the amount tendered in the form of cash, check, or money order sent to the buyer;

2.    Where there is a credit sale:

i.    And Defendant is a creditor, a copy of a credit memorandum or the like or an account statement sent to the buyer reflecting the removal or absence of any remaining charge incurred as a result of the sale from the buyer's account;

ii.    And a third party is the creditor, an appropriate credit memorandum or the like sent to the third party creditor which will remove the charge from the buyer's account and a copy of the credit memorandum or the like sent to the buyer that includes the date that Defendant sent the credit memorandum or the like to the third party creditor and the amount of the charge to be removed, or a statement from Defendant acknowledging the cancellation of the order and representing that it has not taken any action regarding the order

which will result in a charge to the buyer's account with the third party;

    iii.    And the buyer tendered partial payment for the unshipped merchandise in the form of cash, check, or money order, a return of the amount tendered in the form of cash, check, or money order sent to the buyer.

    3.    Where the buyer tendered payment for the unshipped merchandise by any means other than those enumerated in (1) or (2) of this definition:

    i.    Instructions sent to the entity that transferred payment to Defendant instructing that entity to return to the buyer the amount tendered in the form tendered and a statement sent to the buyer setting forth the instructions sent to the entity, including the date of the instructions and the amount to be returned to the buyer;

    ii.    A return of the amount tendered in the form of cash, check or money order sent to the buyer; or

    iii.    A statement from Defendant sent to the buyer acknowledging the cancellation of the order and representing that Defendant has not taken any action regarding the order which will access any of the buyer's funds.

J.    **"Receipt of a Properly Completed Order"** means, where the buyer tenders full or partial payment in the proper amount in the form of cash, check or money order; authorization from the buyer to charge an existing charge account; or other payment methods, the time at which Defendant receives both said payment and an order from the buyer containing all of the information needed by Defendant to process and Ship the order.

K.    **"Ship,"** or any variation thereof, including Shipment or Shipping, means the act by which the merchandise is physically placed in the possession of the carrier.

7

## ORDER

**CONDUCT RELIEF**

**I.**

**IT IS THEREFORE ORDERED** that Defendants are permanently restrained and enjoined from the advertising, marketing, promoting, or offering for sale, or assisting others in the advertising, marketing, promoting, or offering for sale, of any Protective Goods and Services.

**II.**

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any good ordered by mail, via the internet, or by telephone, are permanently restrained and enjoined from:

A.      Representing, without a reasonable basis, that Defendants will:  (1) Ship ordered goods within the time stated in their solicitation; or (2) Ship ordered goods by any revised Shipping date provided to buyers.

B.      Where the order solicitation does not Clearly and Conspicuously state a Shipping time, soliciting any order for the sale of merchandise without having a reasonable basis that the goods will Ship 30 days after Receipt of a Properly Completed Order.

C.      Informing buyers that Defendants are unable to make any representation regarding the length of any Shipping delay unless Defendants have a reasonable basis for so informing buyers.

D.      Failing to provide buyers with the Option either to consent to the delay in Shipping or to cancel the order and receive a Prompt Refund where Defendants cannot Ship the ordered goods within the Applicable Time Period.  Said Option must be provided within a reasonable time

after the Defendants become aware of their inability to Ship within the Applicable Time Period, but in no event later than the Applicable Time Period.

1.     Provided however, that any such Option must either:

    a.    provide a definite revised Shipping date; or

    b.    where Defendants lack a reasonable basis for providing a definite revised Shipping date, inform the buyer that:

        i.    the seller is unable to make any representation regarding the length of the delay; and

       ii.    the reason(s) for the delay.

2.     Where Defendants have provided a definite revised Shipping date, pursuant to Section II.D.1.a, that is more than 30 days later than the Applicable Time Period, Defendants must also Clearly and Conspicuously inform the buyer that the buyer's order will automatically be deemed to have been cancelled unless:

    a.    Defendants have Shipped the merchandise within the Applicable Time Period, and the Defendants have received no cancellation request prior to Shipment; or

    b.    the buyer has specifically consented to said Shipping delay within the Applicable Time Period.

3.     Where Defendants have informed the buyer that they cannot make any representation regarding the length of the delay pursuant to Section II.D.1.b, Defendants must also Clearly and Conspicuously inform the buyer that the buyer's order will automatically be deemed to have been cancelled unless:

   a. Defendants have Shipped the merchandise within 30 days of the Applicable Time Period, and the Defendants have received no cancellation request prior to Shipment; or

   b. the buyer has specifically consented to said Shipping delay within 30 days of the Applicable Time Period.  Provided however, Defendants must also expressly inform the buyer that the buyer will have a continuing right to cancel the order at any time after the Applicable Time Period.

 E. Where the buyer has consented to a definite revised Shipping date pursuant to Section II.D, and Defendants become aware they are unable to Ship ordered goods by that date, failing to provide a renewed Option either to consent to a further delay or to cancel the order and receive a Prompt Refund.  Said Option must be made within a reasonable time after the Defendants first become aware of their inability to Ship before the said definite revised Shipping date, but in no event later than the expiration of the definite revised Shipping date.  Provided however, that any such Option must provide a new definite revised Shipping date, unless Defendants lack a reasonable basis for doing so.  In such event, Defendants must also provide the notices required by Section II.D.1.b and Section II.D.3 of this Order.

 F. Failing to cancel any order and provide the buyer with a Prompt Refund:

   1. When Defendants have received a cancellation and Refund request from the buyer pursuant to Section II of this Order;

   2. Under the circumstances prescribed in Section II.D.2 and II.D.3;

   3. When Defendants fail to provide the Option required by Section II.D. and have not shipped the merchandise within the Applicable Time Period; or

4.      When Defendants notify the buyer that they have decided not to Ship the merchandise.

## III.

**IT IS FURTHER ORDERED** that, in any action brought by the Commission alleging a violation of Section II of this Order, the failure to create and maintain records establishing compliance with Section II creates a rebuttable presumption that Defendants violated the provisions of that Section.

## IV.

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any good or service ordered by mail, via the internet, or by telephone, are permanently restrained and enjoined from, or from assisting others in, expressly or by implication, misrepresenting:

A.      The good is in stock or otherwise ready to ship;

B.      The time within which the buyer will receive the ordered good;

C.      That any costs will be refunded if the order does not arrive on time; any guarantee, such as a "100% Money Back Guarantee"; or any material aspect of a Refund policy;

D.      The nature or quality of the good, such as that it is certified or a specific brand;

E.       The good the consumer ordered will be the good delivered; or

F.      Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## V.     MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.     Judgment in the amount of Thirty-Seven Million, Five Hundred Forty-Nine Thousand, Four Hundred Seventy-Two Dollars and Fourteen Cents ($37,549,472.14) is entered in favor of the Commission against Defendants, jointly and severally, as monetary relief pursuant to Section 19 of the FTC Act.

1.     Defendants are ordered to turn over the sum of Thirty-Seven Million, Five Hundred Forty-Nine Thousand, Four Hundred Seventy-Two Dollars and Fourteen Cents ($37,549,472.14) to the Commission within seven (7) calendar days of entry of this Order by wire transfer in accordance with wire transfer instructions provided by a representative of the Commission to Defendants.

2.     After receipt of all such funds, or any portion thereof which the FTC finds sufficient to begin redress:

i.     The Commission will use Twelve Million, Two Hundred Forty-One Thousand, Thirty-Five Dollars and Sixty-Nine Cents ($12,241,035.69) to provide refunds to those consumers who paid for products they never received (Group #1).

ii.     The Commission will use Twenty-Five Million, Three Hundred and Eight Thousand, Four Hundred Thirty-Six Dollars and Forty-Five Cents ($25,308,436.45) to provide refunds to those consumers who received late-shipped goods, in accordance with Section V.C (Group #2).

B.     Group #1 Consumers

1.     The Commission shall provide redress to Group #1 consumers in any manner it determines in its sole discretion is appropriate and over any time period it

12

determines is appropriate. The Commission need not seek nor obtain a request from Group #1 consumers for redress in order to distribute funds to these consumers.

2.      The Commission may use up to $12,241,035.69 to redress Group #1 consumers, including all the costs of administering redress.

C.      Group #2 Consumers

1.      The FTC shall redress Group #2 consumers in any manner it determines in its sole discretion is appropriate subject to the following restrictions:

      i.      Such redress plan shall require consumers in Group #2 to request a refund to be reimbursed.

      ii.      If Defendants have paid the entire $37,549,472.14 Judgment on or before the date the FTC first gives notice to Group #2 consumers of their right to a refund:

            1.      All Group #2 consumers shall have one hundred and twenty (120) days from the date of notification to request a refund after receiving notice ("120-Day Notice Period").

            2.      Any Group #2 consumer who fails to submit a request for a refund within the 120-Day Notice Period shall have no right to a refund for redress from the FTC.

      iii.      After the conclusion of the 120-Day Notice Period, the FTC shall have a reasonable time to determine the amount of unclaimed funds and costs of administering the redress ("Post-Notice Administration Period").

13

iv.   The FTC shall return to Defendants any money (less costs of administering redress) that remains at the conclusion of the Post-Notice Administration Period.

2.    If Defendants have not paid the entire $37,549,472.14 Judgment in full on or before the date the FTC gives notice to Group #2 consumers of their right to a refund:

i.    The FTC, at any time, may give notice to Group #2 consumers of their right to a refund, and may make partial distributions if, in its sole discretion, the FTC determines doing so is practical. Any notice given under this provision shall not trigger the 120-Day Notice Period.

ii.   The Commission may continue to collect the remainder of the Judgment plus statutory interest and distribute those funds until the Judgment is paid in full.

iii.  After payment in full, the FTC shall make a last distribution, and return any remaining funds (less costs of administering the redress) within a reasonable period thereafter.

## VI.    ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.    Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.    Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the

14

Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

C.    All money paid to the Commission pursuant to this Order as equitable monetary relief may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  Defendants have no right to challenge any actions the Commission or its representatives may take with regard to the administration or conduct of consumer redress.

## VII.    CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A.    Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days;

B.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, Social Security Number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained since January 2020 in connection with the sale of Protective Goods and Services; and

C.      Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII.   ORDER ACKNOWLEDGEMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 20 years after entry of this Order, the Individual Defendant for any business that he, individually or collectively with Corporate Defendant, is the majority owner or controls directly or indirectly, and the Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for personnel currently

working for Defendants.    For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.    COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.    One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.    Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and whether these businesses involve mail, internet or telephone order sales, and the involvement of any other Defendant; (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.    Additionally, Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and internet addresses, including all residences; (b) identify all business activities, including any business for which Individual Defendant performs

services whether as an employee or otherwise and any entity in which Individual Defendant has any ownership interest; and (c) describe in detail Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.    For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.    Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.    Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business activity, including any business for which Individual Defendant performs services whether as an employee or otherwise and any entity in which Individual Defendant has any ownership interest, and identify the name, physical address, and any internet address of the business or entity.

C.    Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that

18

the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin: *FTC v. Zaappaaz LLC, et al.*, Matter No. 2023136.

## X.     RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after entry of the Order and retain each such record for 5 years.  Specifically, Corporate Defendant and Individual Defendant, for any business that such Defendant, individually or collectively with the other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     Accounting records showing the revenues from all goods or services sold;

B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.     A copy of each unique advertisement or other marketing material making any representation concerning the shipping, refunds, or returns of any good ordered by mail, via the internet, or by telephone.

## XI.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Each Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.    Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this 28th day of March, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE