UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ZAAPPAAZ LLC, also d/b/a Wrist-Band.com, WBpromotion.com, CustomLanyard.net, and WB Promotions; and <br><br> AZIM MAKANOJIYA, individually and as an officer of ZAAPPAAZ LLC, <br><br> Defendants. | **Civil Matter No. 4:20-cv-02717** |

**PLAINTIFF FEDERAL TRADE COMMISSION'S BRIEF REGARDING
CALCULATION OF REMEDY FOR LATE-SHIPPED MERCHANDISE**

On July 2, 2026, the Court asked the Federal Trade Commission to submit briefing "regarding the calculation of damages under 15 U.S.C. § 57(b) for customers who received their Zaappaaz orders late." [ECF 195]. The FTC is not seeking consumer redress from Defendants for late-shipped merchandise, and therefore, respectfully requests this Court close the above-mentioned action without entry of any additional judgment or further proceedings.

As the Court is aware, this calculation and entry of judgment for late-shipped merchandise is the sole remaining issue in this case. The Court already held – and Defendants did not appeal – that Defendants are liable for their violations of the Mail, Internet, or Telephone Order Merchandise Rule, 16 C.F.R. § 435 ("MITOR"). [ECF 117 at 2-3 (Report and Recommendation regarding summary judgment); ECF 126 at 1 (adopting Report and

1

Recommendation)]; *see also FTC v. Zaappaaz, LLC*, 140 F.4th 675, 679, 682 (5th Cir. 2025) (Defendants challenged only the Court's award of monetary remedies on appeal).   The Court also entered injunctive relief for Defendants' MITOR violations, [ECF 160], and following the conclusion of Defendants' appeal to the United States Court of Appeals for the Fifth Circuit, entered judgment in the amount of $12,241,035.69 for merchandise Defendants never shipped, [ECF 193 at 2]; *see also Zaappaaz*, 140 F.4th at 680-82 (upholding the $12,241,035.69 portion of the judgment).

The FTC already holds a fully executable judgment for $12,241,035.69 against Defendants that it is not confident it can fully collect.   Obtaining a further judgment for consumer redress attributable to late-shipped merchandise, while possible in the above-mentioned action, would require the FTC to invest additional time and resources in the litigation. For example, the FTC would likely need further discovery, including expert testimony, to determinine how much value the merchandise lost due to late shipment.

The FTC does not believe it is prudent to expend additional time or resources to pursue a second judgment against Defendants, particularly when it has already obtained an executable judgment that Defendants are unlikely to fully satisfy.   Accordingly, the FTC does not seek entry of any further judgment and consents to the closure of this case without further proceedings.[1]

---

[1] Because the FTC already obtained findings of liability on all of its claims, and injunctive and monetary relief on most of them, it does not seek to "dismiss [this] action" under Federal Rule of Civil Procedure 41.   Instead, the FTC seeks to resolve the sole remaining issue – whether a further remedy should be entered – without further proceedings.

FTC counsel notified Defendants' counsel of the Commission's intention to forgo entry of an additional judgment via e-mail on July 17, 2026.   Defendants' counsel responded that Defendants do not object to the FTC's position.

Dated:      July 20, 2026              */s/ Michelle Schaefer*
                                       Michelle Schaefer
                                       D.C. Bar # 478443
                                       S.D. Texas (admitted *Pro Hac Vice*)
                                       Anne Collesano, Attorney-in-Charge
                                       D.C. Bar # 1029665
                                       S.D. Texas (admitted *Pro Hac Vice*)
                                       600 Pennsylvania Avenue, NW, CC-9528
                                       Washington, DC 20580
                                       (202) 326-3515; mschaefer@ftc.gov
                                       (202) 326-2485; acollesano@ftc.gov

                                       Attorneys for Plaintiff
                                       FEDERAL TRADE COMMISSION

## **CERTIFICATE OF SERVICE**

I certify that on DATE, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, served on users registered to receive electronic notice in the captioned cases via transmission of Notices of Electronic Filing generated by CM/ECF, and served via email on the counsel listed below.

Dated: _____       /s/ _____
                                        Michelle Schaefer, Attorney-in-Charge